UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER KIRK,

              Petitioner,

v.

JONATHAN HEMINGWAY,

              Respondent.
_____/

Case No. 2:21-cv-11144

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS [1]**

The Government charged Petitioner Alexander Kirk under 21 U.S.C. § 841(b)(1)(D) in the Southern District of Iowa with intent to distribute and conspiracy to distribute less than fifty kilograms of marijuana. ECF 8, PgID 69.[1] The Government then filed an information under 21 U.S.C. § 851 and noted that Petitioner was subject to an enhanced sentence of up to ten years' imprisonment because he had two previous felony drug convictions. *Id.*[2] After Petitioner pleaded

---

[1] Petitioner is currently an inmate at the Federal Correctional Institution in Terre Haute, Indiana, but he was an inmate at the Federal Correctional Institution in Milan, Michigan at the time he filed the petition. ECF 1, PgID 1; *see also* Inmate Profile, bop.gov/inmateloc/. Petitioner was previously confined in Milan, Michigan "because the Attorney General ha[d] custody of him in the Eastern District of Michigan." *Id.* at 12.

[2] The two previous felony drug convictions include: (1) a 2005 conviction for possession with intent to deliver marijuana, Iowa Code § 24.401(1)(d); and (2) three 2007 convictions for distribution of marijuana, possession of marijuana with intent to deliver, and felon in possession of a firearm, 21 U.S.C. §§ 841(a)(1); 841(b)(1)(D); 851. ECF 8, PgID 77–79.

guilty to the charges in the indictment, the district court adopted the enhanced sentence in the § 851 information over Petitioner's objection and sentenced Petitioner to concurrent terms of eighty months' imprisonment. *Id.* at 92; 104; 108.

Petitioner moved to appoint counsel for an appeal. ECF 7, PgID 55. He claimed he was sentenced "under the wrong violation." *Id.* The district court denied Petitioner's motion because the time for appeal had run. *Id.*; *see also* ECF 1, PgID 11. The district court also noted that Petitioner could still timely seek relief under 28 U.S.C. § 2255. ECF 7, PgID 56.

Petitioner then moved to appoint counsel to petition for a writ of habeas corpus under § 2255. *Id.* at 56. He argued that the § 851 information should have been presented to a grand jury and that he should have been "sentenced for a low class A violation." *Id.* The district court denied the motion and advised Petitioner that he could still file a § 2255 motion "that might warrant appointment of counsel." *Id.*

Next, Petitioner moved for production of grand jury transcripts. *Id.* He claimed he was planning to file a habeas petition. *Id.* The district court denied the motion and advised Petitioner to file a § 2255 motion. *Id.* Petitioner has yet to seek relief under § 2255.

Petitioner then moved for modification of his sentence. *Id.* at 57. He argued that the sentence enhancement under § 851 violated the First Step Act, 21 U.S.C. § 802(57), because his convictions were not "serious drug offenses" under § 401(a)(1) of the First Step Act. *Id.* The district court denied the motion because § 401(a)(1) of

the First Step Act did not apply to the enhancement of sentences under 21 U.S.C. § 841(b)(1)(D), the provision Petitioner was charged under. *Id.*

Last, Petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Michigan. ECF 1. Respondent Jonathan Hemingway responded. ECF 7.[3] For the following reasons, the Court will deny the petition.

## LEGAL STANDARD

A federal prisoner seeking to challenge a conviction or sentence must normally move to vacate his sentence under 28 U.S.C. § 2255 with the sentencing court. *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). A federal prisoner may challenge a conviction or sentence under 28 U.S.C. § 2241 in the district court where he is confined only if he establishes that the "remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention." *Id.* at 756 (quotation and quotation marks omitted). The prisoner has the burden of establishing that the remedy under § 2255 is inadequate or ineffective. *Id.* A § 2255 remedy is not inadequate or ineffective simply because a § 2255 motion has not been made, has already been denied, or is procedurally barred. *Id.*

A federal prisoner may obtain habeas relief under § 2241 based on a misapplied sentencing enhancement if he establishes: "(1) a case of statutory interpretation,

---

[3] Respondent is the warden of the Federal Correctional Institution in Milan, Michigan in which Petitioner was a prisoner at the time of his petition. ECF 8, PgID 64.

(2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016). He must also show that (4) "he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). "If a petitioner proves these elements, he has demonstrated that a § 2255 motion is otherwise 'inadequate or ineffective to test the legality of his detention' and may . . . employ § 2241." *McCormick v. Butler*, 977 F.3d 521, 525 (6th Cir. 2020) (quoting *Hill*, 836 F.3d at 594).

## DISCUSSION

Petitioner argued that the sentencing court improperly enhanced his sentence under the § 851 information because his prior drug convictions were not "serious drug offenses" under § 401(a)(1) of the First Step Act. ECF 1, PgID 6–7. The improper sentence, Petitioner argued, deprived him of procedural and substantive due process. *Id.* Respondent Jonathan Hemingway maintained that the petition should be denied "because [Petitioner] has not demonstrated that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective, or that he was sentenced improperly." ECF 7, PgID 53. Because Petitioner did not establish that § 401(a)(1) applies retroactively or that his argument could not have been raised in a § 2255 motion, the Court will deny Petitioner's motion.

To begin, Petitioner satisfied the first *Hill* element because he alleged that his prior drug convictions were not "serious drug offenses" under § 401(a)(1) of the First Step Act, 21 U.S.C. § 802(57). *See Hill*, 836 F.3d at 595 (requiring Petitioner to establish "a case of statutory interpretation"). By alleging that his convictions were improperly classified under a federal statute, Petitioner satisfied the first *Hill* element.

But Petitioner failed to satisfy the second *Hill* element, which requires Petitioner to establish that the case of statutory interpretation "is retroactive and could not have been invoked in the initial § 2255 motion." *Id.* The Court will first consider whether § 401(a)(1) applies retroactively to Petitioner's sentence. Then, the Court will address whether the statutory interpretation issue could have been invoked in an earlier § 2255 motion.

Congress enacted the First Step Act on December 21, 2018. *United States v. Gatewood*, 807 F. App'x 459, 461 (6th Cir. 2020). The act provides that § 401 "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." § 401(c). In other words, if a sentence was imposed before December 21, 2018, § 401 would apply retroactively. Here, the district court sentenced Petitioner on May 16, 2019. ECF 8, PgID 108. Because Petitioner's sentence was imposed after the enactment of the First Step Act, § 401(a)(1) does not apply retroactively to Petitioner's case. *See United States v. Wills*, 997 F.3d 685, 688 (6th Cir. 2021) (rejecting prisoner's

argument that § 401 applied retroactively to his pre-enactment sentence because "section 401 does not apply retroactively").

The second *Hill* element also requires Petitioner to establish that he could not have raised his statutory interpretation argument in an initial § 2255 petition. *Hill*, 836 F.3d at 595. But Petitioner has yet to seek relief under § 2255. And the district court reminded him at least three times that he could file a § 2255 motion. ECF 7, PgID 55–56. That Petitioner failed to take advantage of the district court's repeated reminders does not now entitle him to "another bite at the apple." *Wright*, 939 F.3d at 706. Nor does it establish that a § 2255 motion would have been inadequate or ineffective to test his sentence. Petitioner therefore failed to satisfy the second *Hill* requirement and is not entitled to relief under § 2241.

Petitioner also failed to satisfy the third *Hill* requirement: that he is subject to a misapplied sentence that "presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The district court adopted the sentencing enhancement in the Government's information under 21 U.S.C. § 851 and sentenced Petitioner to concurrent terms of eighty months' imprisonment for violating 21 U.S.C. § 841(b)(1)(D). ECF 8, PgID 92. Petitioner's argument, as it relates to the third *Hill* requirement, is essentially that the district court's adoption of the sentencing enhancement constituted a miscarriage of justice or a fundamental defect.

The Court finds that the district court did not err in adopting the sentencing enhancement. Petitioner was charged under § 841(b)(1)(D), which provides (in relevant part):

> In the case of less than [fifty] kilograms of marihuana, . . . such person shall . . . be sentenced to a term of imprisonment of not more than [five] years . . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than [ten] years.

*Id.* The Government's information, which recommended a sentence of up to ten years' imprisonment, was an accurate reflection of the statutory text. *See* ECF 8, PgID 69. And the district court's adoption of the information's recommendation was thus not a misapplication of the law or a miscarriage of justice. On the contrary, it was in accordance with the plain text of § 841(b)(1)(D). Petitioner therefore failed to satisfy the third *Hill* requirement because he did not show that he was subject to a misapplied sentence sufficiently grave to be deemed a miscarriage of justice or a fundamental defect. 836 F.3d at 595.

Beyond failing to satisfy the second and third *Hill* requirements, Petitioner also failed to show that "he had no prior reasonable opportunity to bring his argument for relief." *Wright*, 939 F.3d at 705. Indeed, Petitioner did not even argue that he lacked such an opportunity. *See* ECF 1, PgID 1–21. Petitioner received at least three reminders from the district court that he could bring a § 2255 motion. ECF 7, PgID 55–56. And his failure to seize those opportunities is fatal to his position.

In all, because he failed to establish that § 401(a)(1) applies retroactively or that the "remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention," *Charles*, 180 F.3d at 755–56, Petitioner cannot proceed under § 2241. To appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show "that reasonable jurists could debate whether" the Court should have resolved the § 2254 petition "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the petition. The Court will thus deny a certificate of appealability.

Last, the Court will deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3).

**WHEREFORE**, it is hereby **ORDERED** that the petition for writ of habeas corpus [1] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 17, 2023, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager